The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* GUGGENHEIM BROS. DENTAL SUPPLY CO. (No. 3845)[1]

United States Court of Customs and Patent Appeals, March 4, 1935

*Joseph R. Jackson,* Assistant Attorney General (*Ralph Folks* and *William Whynman,* special attorneys, of counsel), for the United States.

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for appellee.

[Oral argument February 6, 1935, by Mr. Folks; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the First Division of the United States Customs Court sustaining the protest of the importer against the classification and duty assessment by the Collector of Customs at the port of Los Angeles, Calif., of certain merchandise invoiced as "Dental Chiron Gum Blanks."

The merchandise, which is shown by the testimony to be used for making plates for artificial dentures, is a cellulose material, pinkish in color. A sample placed in evidence is about $2\frac{7}{8}$ inches by $2\frac{3}{8}$ inches in dimensions, and a little under one-fourth inch in thickness. As imported, two of its corners were cut away; otherwise it is rectangular in shape, and its surfaces are flat. On one of its faces it bears the imprint "Guggenheim, Germany."

---
[1] T. D. 47604.

It was classified by the collector under that portion of paragraph 31 of the Tariff Act of 1930, which reads:

PAR. 31. * * * (b) All compounds of cellulose (except cellulose acetate, but including pyroxylin and other cellulose esters and ethers), and all compounds, combinations, or mixtures of which any such compound is the component material of chief value:

* * * * * * *

(2) made into finished or partly finished articles of which any of the foregoing is the component material of chief value, not specially provided for, 60 per centum ad valorem.

The claim of the importer is under that portion of the paragraph which reads:

PAR. 31. * * * (b)
(1) In blocks, sheets, rods, tubes, powder, flakes, briquets, or other forms, whether or not colloided, not made into finished or partly finished articles, 40 cents per pound, except that transparent sheets more than three one-thousandths of one inch and not more than thirty-two one-thousandths of one inch in thickness shall be subject to duty at the rate of 45 cents per pound.

The testimony relating to the use of the article is to the effect that a plaster form, or model, is prepared in a metal container which latter is a "replica of the shape of the patient's mouth"; that the artificial teeth are set in the plaster; that the piece of cellulose material is then softened and placed over the model; that the metal container is then closed and put into an electric or steam press; that pressure is applied to the softened material which causes the teeth to sink into same, and that, after the material has cooled and hardened, the unfinished plate is polished and fitted to the patient's mouth.

In the case of *United States* v. *American Hecolite Denture Corp.*, 21 C. C. P. A. (Customs) 131, T. D. 46465, we had before us articles made from this same type of material, but in that instance the articles as imported had been so formed as to have taken the shape of the palate and gums of the human mouth, and we held them dutiable at 60 per centum ad valorem, because the merchandise was found to be "advanced beyond the stage of blocks, sheets, rods, tubes, or other forms of hecolith into articles, finished or unfinished."

We do not think the same may be said of the articles here involved. That they are of a size adapted to being readily formed into both upper and lower plates for artificial dentures is apparent, and the cutting away of the corners, upon which the Government has placed much emphasis, doubtless is a process which, had it not been done before importation, would have had to be done afterwards to fit the material for use, but nevertheless the articles are clearly included in the paragraph where claimed, and they have not been advanced in manufacture to a point where they bear even a resemblance in shape to the finished articles into which eventually they are fashioned.

The trial court points out that:

A large number of shapes of pyroxylin materials are provided for in paragraph 31 (2) [31 (b) (1)] besides blocks and sheets, and then the list concludes with "or other forms", indicating that any form of pyroxylin material is dutiable under that provis on.  *  *  *  .

We agree with the conclusion of the trial court that the merchandise is not advanced beyond the stage of material, and hence we do not think this case is controlled by our decision in the *American Hecolite Denture Corp.* case, *supra*, nor by any of the other cases cited by the Government.

The judgment of the United States Customs Court is *affirmed.*
LENROOT, Judge, dissents.